# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELORAY C. CHRISTIAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-18-699-G |
| B.J. THOMPSON et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

Now before the Court is the Motion to Dismiss (Doc. No. 33) filed by Defendants B.J. Thompson, Shirley May, and Oklahoma Department of Corrections ("ODOC"). Plaintiff Deloray C. Christian, a state prisoner appearing pro se, has responded in opposition (Doc. No. 37), and Defendants have replied (Doc. No. 39).

## PLAINTIFF'S CLAIMS

Plaintiff is presently incarcerated at North Fork Correctional Center ("NFCC"), an ODOC facility in Sayre, Oklahoma. The claims of Plaintiff's Amended Complaint (Doc. No. 11) arise from events that transpired at NFCC beginning in September 2017. Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants violated his constitutional rights under the Eighth, Sixth, and Fourteenth Amendments to the United States Constitution by: (1) denying him necessary medical care—specifically, a hip and knee arthroplasty, tertiary treatment, rehabilitation therapy, and appropriate accommodations; and (2) failing to properly administer the grievance procedure established by ODOC. *See* Am. Compl. at 4-5.

Defendants Thompson and May are sued in both their individual and official capacities. *See id.* at 3. Plaintiff seeks compensatory and punitive damages in this action. *See id.* at 5, 6, 8.

ANALYSIS

I.  *Defendants' Immunity to Suit*

Citing the Eleventh Amendment, Defendants move to dismiss Plaintiff's claims to the extent they seek money damages from ODOC and from Defendants Thompson and May in their official capacities. *See* Defs.' Mot. to Dismiss at 10-11; *see also* Fed. R. Civ. P. 12(b)(1). The undersigned therefore is obligated to address whether these Defendants enjoy immunity from suit. *See U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (noting that if a state defendant raises Eleventh Amendment immunity, "addressing the threshold jurisdictional matter [is] obligatory"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000) (holding that Eleventh Amendment immunity "can be waived" but "constitutes a bar to the exercise of federal subject matter jurisdiction" when effectively asserted).

Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state. U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996).

> But Eleventh Amendment immunity is not absolute. There are three exceptions. First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring

2

> suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted). Eleventh Amendment immunity applies to any state agencies considered to be "arms of the [s]tate." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted).

"Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012); *accord Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated states' sovereign immunity through enactment of 42 U.S.C. § 1983. *Berry*, 495 F. App'x at 921-22. Thus, the State of Oklahoma's Eleventh Amendment immunity from suits seeking money damages in federal court remains intact.

Here, the relevant state agency is ODOC, both as a named Defendant and because the individual Defendants were employed by that agency during the events giving rise to this lawsuit. *See* Am. Compl at 1, 2-3. "ODOC is . . . shielded by sovereign immunity because it is an arm of the state." *Berry*, 495 F. App'x at 922 (citing *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988)). And "it is well-established that 'the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the

state.'" *Peterson v. Lampert*, 499 F. App'x 782, 786 (10th Cir. 2012) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994)). ODOC's immunity therefore extends to Plaintiff's § 1983 claims against ODOC employees who are sued in their official capacities for damages. *See Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014).

Defendant ODOC and Defendants Thompson and May, as employees of ODOC in their official capacities, therefore are protected by Eleventh Amendment immunity to the extent damages are sought by Plaintiff under 42 U.S.C. § 1983. *See id.*; *Eastwood*, 846 F.2d at 632. As noted above, Plaintiff seeks only money damages in this lawsuit; there is no demand for "prospective relief." *Muscogee (Creek) Nation*, 669 F.3d at 1166. Accordingly, Plaintiff's § 1983 claims against ODOC and against Defendants Thompson and May in their official capacities are barred by the Eleventh Amendment and shall be dismissed.

II.   Plaintiff's Individual-Capacity Claims

   A. *Applicable Standard*

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

4

Defendants move to dismiss certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Whitney*, 113 F.3d at 1173-74. Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

B. *Defendants' Assertion of the Affirmative Defense of Nonexhaustion*

The Prison Litigation Reform Act provides that no action under 42 U.S.C. § 1983 may be brought by a prisoner regarding conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also*

5

*Woodford v. Ngo*, 548 U.S. 81, 90, 93-103 (2006). This Court previously advised Defendants that "a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies is typically considered a motion for summary judgment." Order of Sept. 12, 2018 (Doc. No. 14) at 3 n.1. The Court expressly instructed Defendants that if they wished to obtain judgment on the basis of this affirmative defense, they could seek leave to file an initial motion for summary judgment based solely upon lack of exhaustion, with only limited relevant discovery permitted. *See id.*

Defendants did not seek such leave or otherwise request summary judgment. Instead, citing records and policies included in the Special Report (Doc. No. 31), Defendants' Motion to Dismiss argues that Plaintiff failed to exhaust his administrative remedies as to claims regarding his medical care and that those claims should therefore be dismissed. *See* Defs.' Mot. to Dismiss at 2-5.

Defendants offer no authority for the Court to consider such matters outside the pleadings on a Rule 12(b)(6) motion, instead asserting, incorrectly, that because they raised lack of exhaustion in their Motion "dismissal" on that basis "is not barred and is appropriate." *See* Defs.' Reply at 1-2. Plaintiff properly points out that, since the issuance of *Jones v. Bock* in 2007, a failure to exhaust is generally not considered a failure to state a claim and is seldom a basis for dismissal on the pleadings. *See* Pl.'s Resp. at 2 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("Inmates are not required to specially plead or demonstrate exhaustion in their complaints.")).

This case is not one of the rare instances where the Court can "conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that

he is without a valid excuse." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see* Am. Compl. at 8 ("Plaintiff . . . sought informal and formal relief from appropriate prison administration officials regarding the acts stated in the allegations of this [pleading]."). Accordingly, dismissal is not warranted on this basis.

### C. *Defendants' Assertion of Qualified Immunity*

Defendants Thompson and May nominally argue that they are entitled to qualified immunity as to Plaintiff's Eighth Amendment medical-care claims. "Qualified immunity protects officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted). In making this assessment, the Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pleaded allegations as true, and draw all reasonable inferences in Plaintiff's favor. *See Bella v. Chamberlain*, 24 F.3d 1251, 1254 (10th Cir. 1994).

Defendants' assertion of qualified immunity, however, does not challenge "whether the facts that [Plaintiff] has alleged" in his pleading "make out a violation of" the Eighth Amendment. *Keith*, 707 F.3d at 1188 (internal quotation marks omitted). Rather, they rely entirely upon evidence outside the pleadings and cite summary-judgment standards to

7

attempt to show that Plaintiff has not suffered a violation of his constitutional rights. *See* Defs.' Mot. to Dismiss at 8-9. As with the affirmative defense discussed above, Defendants offer no authority for the Court to consider such extraneous evidence at the Rule 12(b)(6) stage, and Defendants have not shown that they are entitled to dismissal of any claims on this basis.[1]

### D. Plaintiff's Conspiracy Claim

Citing 42 U.S.C. § 1985, Plaintiff alleges that Defendants Thompson and May conspired, with each other and with another ODOC official, to "fabricate" and contravene ODOC's grievance process and to commit and "suborn[] perjury during [Plaintiff's] medical requests and grievance process." Am. Compl. at 5. Plaintiff alleges that this conspiratorial conduct was undertaken to deprive Plaintiff "of his due process rights, equal protection or equal privilege to prison grievance process afforded to prisoners."

"[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privilege and immunities under the laws." *Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of

---

[1] This disposition "does not foreclose [Defendants] from reasserting their entitlement to qualified immunity on a motion for summary judgment should [Plaintiff's] allegations in the complaint prove to be unfounded." *Seamons v. Snow*, 84 F.3d 1226, 1238 (10th Cir. 1996). The Court makes no finding as to whether these Defendants, at the appropriate stage, will be able to to show entitlement to qualified immunity when Plaintiff "can no longer rest on the pleadings." *Thomas*, 765 F.3d at 1194 (internal quotation marks omitted).

the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)); *see also* 42 U.S.C. § 1985(3) (providing a federal cause of action for conspiracy to deprive a person of protected rights).

Here, Plaintiff fails to state a plausible claim that these Defendants conspired to deprive Plaintiff of his rights. First, although Plaintiff implies that these Defendants had "an agreement and concerted action" among them, even liberally construed the pleading it alleges no specific facts to actually *show* such an agreement, as required to establish that a conspiracy existed. *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1177 (D.N.M. 2013) (internal quotation marks omitted); *see* Am. Compl. at 3-4, 5. "Mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt*, 951 F. Supp. 2d at 1177 (alteration and internal quotation marks omitted). Further, although using the terms "equal protection" and "equal privilege," the Amended Complaint presents no facts from which it could plausibly be inferred that the Defendants' action "was motivated by a class-based, invidiously discriminatory animus," as required to prove a § 1985(3) claim. *Dixon v. City of Lawton*, 898 F.2d 1443, 1147 (10th Cir. 1990).

Accordingly, Plaintiff's conspiracy claim should be dismissed in its entirety for failure to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)); *see also Kirby v. Dall. Cty. Adult Prob. Dep't*, 359 F. App'x 27, 33-34 (10th Cir. 2009) (affirming dismissal of

conspiracy claim against unknown employees of detention center under Rule 12(b)(6) and explaining that "the liberal pleading standard under the federal rules 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'" (quoting *Iqbal*, 556 U.S. at 678-79)).

*E. Plaintiff's Claim Regarding the Grievance Process*

Citing the Sixth and Fourteenth Amendments, Plaintiff alleges that Defendants violated his constitutional rights by "l[ying] to Plaintiff," "encourag[ing] others to lie" to Plaintiff, and refusing to comply with ODOC's policy in the course of processing Plaintiff's administrative grievances. *See* Am. Compl. at 2, 5, 6. But Plaintiff cannot establish a plausible constitutional claim based on these facts; indeed, he could not show a violation of his due process rights or his right to access the courts even if he had been prevented entirely from using ODOC's grievance process. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).

> [T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process. Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam). Consequently, any alleged deprivation of the prison grievance process here failed to implicate Mr. Boyd's right of access to the courts, and the district court was therefore correct to dismiss the amended complaint for failure to state a claim.

*Id.* (second alteration in original) (citation omitted).

Accordingly, this claim should be dismissed pursuant to Rule 12(b)(6).

### III. *The John Doe Defendants*

The body of the Amended Complaint includes a claim that "Defendants John Does 1-30, employees of either ODOC or NFCC" violated Plaintiff's due process rights "during the events leading up to and during [Plaintiff's] medical treatment and grievance process." Am. Compl. at 3, 7-8. The pleading offers only boilerplate conclusions relevant to these Defendants, however—it entirely fails to set forth any explanation as to how these individuals violated Plaintiff's constitutional rights. *See, e.g.*, *id.* at 7 ("The Defendant John Does, acting under color of law, caused the Plaintiff to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution of the United States and its laws."). Consequently, these claims must be dismissed pursuant to this Court's screening obligation for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1); *see also Winkel v. Hammond*, 704 F. App'x 735, 736 (10th Cir. 2017) ("In determining whether a pro se complaint fails to state a claim [under § 1915A(b)(1)], court apply the same standard applied under Fed. R. Civ. P. 12(b)(6)."]; *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (noting that when a government agency and government actors are sued, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her").

### IV. *Plaintiff's Motion to Appoint Counsel*

Plaintiff has filed a Motion to Appoint Counsel (Doc. No. 16), asking that the Court obtain legal representation for him in this lawsuit. Plaintiff represents that he is in need of an appointed attorney because he is indigent, he has limited knowledge of the law, there

are multiple claims and defendants involved, and he has very limited access to his facility's law library. *See id.* at 1; *id.* Ex. 1 (Doc. No. 16-1) at 1-2; *id.* Ex. 2 (Doc. No. 16-2) at 1-2; *id.* Ex. 3 (Doc. No. 16-3) at 1.

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may "request"—not order—legal representation for civil litigants proceeding *in forma pauperis*. Plaintiff is not proceeding *in forma pauperis*, however. Even if the statute were applicable, such a request is rare and is not warranted at this preliminary stage of the proceedings. Despite his lack of training, Plaintiff has drafted and filed pleadings outlining his factual allegations and legal claims. Plaintiff also has been able to present various motions and other filings in articulate and reasonably clear form, including discussion and citation of case law and statutes. Plaintiff is in prison and representing himself, but these circumstances unfortunately do not distinguish the present case from numerous others. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the [*in forma pauperis*] applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that in determining whether the appointment of counsel for an indigent prisoner is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims"). This Motion therefore shall be denied.

V.   *Plaintiff's Discovery Motions*

Plaintiff also has filed two Motions (Doc. Nos. 38, 45) that are copies of discovery requests directed to Defendants. Such requests were premature while the Motion to

Dismiss was pending. *See* LCvR 26.3(a). And, discovery requests generally are served directly upon the responding party, not filed with the Court. To any extent Plaintiff seeks relief from the Court, these Motions shall be denied.

CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss (Doc. No. 33) is GRANTED IN PART and DENIED IN PART. Specifically,

1. Plaintiff's federal claims against Defendant Oklahoma Department of Corrections and against Defendants B.J. Thompson and Shirley May in their official capacities are dismissed without prejudice due to Eleventh Amendment immunity;

2. Plaintiff's § 1985 conspiracy claim is dismissed in its entirety without prejudice pursuant to Rule 12(b)(6);

3. Plaintiff's § 1983 claims for violation of the Sixth and Fourteenth Amendment against Defendants Thompson and May in their individual capacities are dismissed without prejudice pursuant to Rule 12(b)(6); and

4. Plaintiff's § 1983 claim for deliberate indifference in violation of the Eighth Amendment shall proceed against Defendants Thompson and May in their individual capacities.

Further,

1. Plaintiff's claims against the "John Doe Defendants" are dismissed without prejudice on screening for failure to state a claim upon which relief may be granted; and

2. Plaintiff's Motions (Doc. Nos. 16, 38, 45) are DENIED.

A separate scheduling order shall be entered as to Plaintiff's remaining Eighth Amendment claim.

IT IS SO ORDERED this 3rd day of October, 2019.

CHARLES B. GOODWIN
United States District Judge